

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Dear Sir:                                    Opinion No. O-7224

Re:  Whether candidates for district
     offices and their campaign
     managers where the district is
     composed of only one county
     should file their reports of cam-
     paign expenditures with the
     Secretary of State or with the
     County Clerk.

Your letter of recent date requesting an opinion from this department
on the above stated matter reads as follows:

"Article No. 3172, Vernon's Texas Statutes, 1936, provides
that the Sworn Statements as to expenses, etc., required
of candidates by said Article, shall be filed within the
times required by the Article 'by candidates for State and
district nominations and their campaign managers with the
Secretary of State, and by candidates for county nominations
and their campaign managers and by the assistant campaign
managers of candidates for State and district nominations
with the county clerk of the county in which they reside.'

"Will you please advise this office whether candidates and
their campaign managers for district offices where the
district is composed of only one county should file with
the Secretary of State or with the County Clerk."

Article 3168, V.A.C.S., provides as follows:

"The word 'candidate' shall mean any person who has announced
to any other person or to the public that he is a candidate
for the nomination for any office which the laws of this State
require to be determined by a primary election. The words
'county nomination' shall mean the nomination for any office
to be filled by the choice of the voters residing in only
one county or less than one county. The words 'district
nomination' shall mean the nomination for any office to be
filled by the choice of the voters residing in more than

one county. The words 'State nomination' shall mean the nomination for any office to be filled by the choice of the voters of the entire State. In all cases where second primary elections may be held in compliance with any law of this State, the first and second primary elections shall for the purposes of this law be considered together as one primary election." (Underscoring ours)

Article 3172, V.A.C.S., provides in part as follows:

"such statements and oaths shall be filed within the times required by this article by candidates for State and district nominations and their campaign managers with the Secretary of State, and by candidates for county nominations and their campaign managers and by the assistant campaign managers of candidates for State and district nominations with the county clerk of the county in which they reside." (Underscoring ours)

Article 262, V.A.P.C., provides as follows:

"The word 'candidate' shall mean any person who has announced to any other person or to the public that he is a candidate for the nomination for any office which the laws of this State permit to be determined by a primary election. The words 'county nomination' shall mean the nomination for any office to be filled by the choice of the voters residing in only one county or less than one county and the words 'District nomination' shall mean the nomination for any office to be filled by the choice of the voters residing in more than one county. The words 'State nomination shall mean the nomination for any office to be filled by the choice of the voters of the entire State.

"In all cases where second primary elections may be held in compliance with any law of this State, the first and second primary elections shall for the purposes of this law be considered together as one primary election." (Underscoring ours)

Article 269, V.A.P.C., provides in part as follows:

"Such statements and oaths shall be filed within the times required by this article by candidates for State and District nominations and their campaign managers with the Secretary of State, and by candidates for County nominations and their campaign managers and by the assistant campaign managers of candidates for State and District nominations with the County Clerk of the County in which they reside." (Underscoring ours)

It will be noted by the underlined portions of Articles 3172, V.A.C.S., and 269, V.A.P.C., that candidates for county nominations

and their campaign managers should file with the County Clerk of the county in which they reside. It will be further noted that by virtue of the underlined portions of Articles 3168, V.A.C.S., and 262, V.A.P.C., nominations for district offices where the district is composed of only one county constitutes "county nominations" within the meaning of the above quoted statutes. Therefore, you are respectfully advised that it is the opinion of this department that candidates for district offices and their campaign managers where the district is composed of only one county should file their reports of campaign expenditures with the County Clerk of the county in which they reside.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
    Jack K. Ayer
    Assistant

By
    John Reeves

APPROVED JULY 11, 1946
s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By: BWB, Chairman

JA:djm/cge